

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KESLICK AND SON MODERN ARBORICULTURE** | : | **CIVIL ACTION** |
| **JOHN A. KESLICK, JR.** | : | **NO. 15-6217** |
| *Plaintiffs* | : | |
| v. | : | |
| | : | |
| **USDA FOREST SERVICE** | : | |
| *Defendant* | : | |

QUIÑONES ALEJANDRO, J.                                          NOVEMBER 24, 2015

## MEMORANDUM OPINION

On November 13, 2015, Plaintiff John A. Keslick, Jr. filed an application to proceed *in forma pauperis* and a form complaint on behalf of himself and his arboriculture business, Keslick and Son Modern Arboriculture, against the USDA Forest Service. For the reason set forth herein, Keslick's application to proceed *in forma pauperis*, and his complaint is dismissed.

### I.   FACTS

In the form complaint, Keslick alleges the following events occurred "on Federal Public Land from 1991 to 2015":

> Constructive fraud – Deceiving public by any claims, suggestions, profession that by removing wood, building roads, etc. the result will be anything other than ecosystem depletion causing dysfunction, and disruption of system.
> That money lost/wasted on such practices is something the tax payers have no choice.
> E.g. Removing wood reduces moisture require increasing <u>fire</u>.

(Compl. ¶ III.).

In the section of the form complaint where a plaintiff is asked to describe his injuries, Keslick indicates that he brought this suit "on behalf of the taxpayers and children with reference to clean water, healthy ecosystems to provide lowest quality of subsistence to coexist here." (*Id.*



1

¶ IV.). Keslick submitted a CD with his complaint which contains emails he sent to the Forest Service.

This is not the first lawsuit that Keslick has filed against the U.S. Forest Service based on perceived harm to trees and/or the environment, *to wit*: in 2013, he filed a lawsuit based on his general dissatisfaction with the manner in which the Forest Service cared for trees and his allegation that the Forest Service wastes taxpayer money by failing to care for trees in accordance with certain principles of arboriculture.[1] *See Keslick v. U.S. Forest Service Bradford Ranger Dist.*, E.D. Pa. Civ. A. No. 13-6573. That lawsuit was dismissed as frivolous for lack of standing.

## II. STANDARD OF REVIEW

Keslick's application to proceed *in forma pauperis* is granted because, on its face, it appears that he is unable to pay the fees to commence this action.[2] *See* 28 U.S.C. § 1915(a).

Section 1915(e)(2)(B)(i) of 28 U.S.C., requires a court to screen the complaint and dismiss it if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). Courts may dismiss a lawsuit pursuant to § 1915(e)(2)(B)(i) when a plaintiff lacks

---

[1] Keslick has also filed cases against other defendants based on his disagreement with those defendants' treatment of trees. *See, e.g., Keslick & Son Modern Arboriculture v. Penn State Univ. Agriculture*, E.D. Pa. Civ. A. No. 14-1091; *Keslick & Son Modern Arboriculture v. Ricks Tree Service, LLC*, E.D. Pa. Civ. A. No. 14-1090; *Keslick v. Albiez/Marquis Agency*, E.D. Pa. Civ. A. No. 13-6415.

[2] An artificial entity may appear in federal court only through licensed counsel and, in any event, is not a "person" within the meaning of 28 U.S.C. § 1915, the statute that allows a "person" to proceed *in forma pauperis*. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993); *Dukes v. Lancer Ins. Co.*, 390 F. App'x 159, 161 n.1 (3d Cir. 2010) (per curiam). Accordingly, Keslick and Son Modern Arboriculture may not proceed *in forma pauperis* and Keslick may not represent that entity in this lawsuit.

standing because, in those cases, there is no legal basis for the plaintiff's claims. *See Banks v. Buchanan*, 336 F. App'x 122, 123-24 (3d Cir. 2009) (per curiam); *Awala v. People Who Want to Restrict Our First Amendment Rights*, 164 F. App'x 215, 217 (3d Cir. 2005) (per curiam).

### III. DISCUSSION

"[T]o establish standing, a plaintiff must show (1) an 'injury in fact,' i.e., an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *Nat'l Collegiate Athletic Ass'n v. Governor of N.J.*, 730 F.3d 208, 218 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). "[A] plaintiff raising only a generally available grievance about government – claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large – does not state an Article III case or controversy." *Lance v. Coffman*, 549 U.S. 437, 439 (2007) (per curiam) (quotations omitted). Here, as in his prior case, Keslick's complaint is based on generalized grievances concerning the impact of the U.S. Forest Service's policies on the environment. Nothing in the complaint suggests that Keslick is harmed by the defendant's actions any more than the public at large is harmed by those actions. Accordingly, the Court will dismiss this case for lack of standing.

### IV. CONCLUSION

For the foregoing reasons, the complaint is dismissed. Keslick is not be given leave to amend the complaint because any amendment would be futile. An appropriate order follows which shall be docketed separately.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C., J.

3